UNITES STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| FIFTH THIRD BANK, a Michigan banking corporation,<br>          Plaintiff,<br>v.<br><br>SYCA SYSTEMS, INC., an Illinois corporation, Samuel L. Thomasson, and Kenneth N. Betts<br>          Defendants. | Case No. . 07 CV 50036<br>Judge Zagel<br>Mag. Judge Mahoney |

## JUDGMENT OF FORECLOSURE

This cause coming on to be heard for prove-up by the Plaintiff, Fifth Third Bank, of its order of default against Defendants SYCA Systems, Inc., Samuel L. Thomasson, and Kenneth N. Betts pursuant to the First Amended Complaint, due notice having been given and the court having heard and considered the evidence introduced by and in behalf of the Plaintiff, and being fully advised in the premises,

**The Court finds:**

    1.    The court's jurisdiction of the parties and the subject matter is proper; the allegations in the complaint are true as stated; and the equities of this cause are with Plaintiff.

    2.    A Notice of Federal Tax Line, filed against SYCA Systems, Inc. and recorded on July 3, 2006 was duly released on August 30, 2006 (See Exhibit A) and is not a lien against the property.

**The Court orders:**

    3.    Under the mortgage and the evidences of indebtedness secured by it alleged in the complaint, there is due to the Plaintiff, and it has a valid and subsisting

lien on the property described as follows:

(a)     For their own use and benefit for the costs of this action and for:

| | |
|---|---|
| Costs | $   918.57 |
| Plaintiff's attorney's fees | $23,675.50 |
| Stenographer's charges | _____ |
| Total costs | $24,594.07 |

(b)     For the use and benefit of the holder and owner of the notes  and interest

secured by the mortgage, but subject and subordinate to the lien for the

payment of the items mentioned in subparagraph (a) of this paragraph:

Due to plaintiffs on $721,000 Note:

| | |
|---|---|
| Principal: | $ 678,367.70 |
| Late Charges/Interest: | $ 67,822.06 |
| Taxes: | $        0.00 |
| **Total Arrears:** | $ 750,482.61 |

Due to Plaintiffs on $350,000 Note:

| | |
|---|---|
| Principal: | $ 349,910.90 |
| Late Charges/Interest: | $  39,904.42 |
| Taxes: | $        0.00 |
| **Total Arrears:** | $389,815.32 |
| **Grand Total** | **$1,140,297.90** |

plus interest from the date of judgment to the date of sale at the rate allowed by 28

U.S.C. section 1961(a).

4.     The rights and interests of all the other parties to this cause, in and to the

property described below, are inferior to the liens of the Plaintiff mentioned in

Paragraph 1 of this decree.

5.     The mortgage described in the complaint and foreclosed by this order

appears of record in the office of the Recorder of Deeds of Carroll County, Illinois, as

Document No. 485312, and the property referred to and directed to be sold is that situated in Carroll County, Illinois, described as follows:

> A part of the Southeast Quarter of Section 12, Township 24 North, Range 4 East of the Fourth Principal Meridian, bounded and described as follows: Commencing at a steel pipe on the Northerly right of way line of the Chicago, Milwaukee, St. Paul and Pacific Railroad, which is South 47°58' West, a distance of 300 feet from a steel pipe on the said Northerly right of way line which last described steel pipe is 387.8 feet West of a point which is 1064.48 feet North of the Southeast corner of said Section 12; thence North 40°44' West, a distance of 558.64 feet to a steel rod in the ground on the Southerly right of way line of the old State Route 64; thence North 84°21' West, on the Southerly right of way line of the old State Route 64, a distance of 600 feet to a steel rod; thence South 24°52' East, a distance of 1047.55 feet to a steel rod on the Northerly right of way line of Chicago, Milwaukee, St. Paul and Pacific Railroad; thence Northeasterly on the Northerly right of way line of the Chicago, Milwaukee, St. Paul and Pacific Railroad, a distance of 700 feet to the place of beginning; situated in the County of Carroll, State of Illinois.

6. Unless, within 45 days from the date of the entry of this judgment, plaintiff is paid the respective sums, with interest, and for the uses and benefits mentioned in Paragraph 1 of this judgment, the real estate described above, together with all improvements and appurtenances to it, including the commercial building owned and used by SYCA Systems, Inc. located at 759 W. Commercial Street, Mt. Carroll, Illinois 61053, or so much as may be necessary to pay the amounts found due and which may be sold separately without material injury to the parties in interest, will be sold at public sale to the highest and best bidder for cash, by a special commissioner or other officer.

7. The special commissioner or other officer shall give public notice of the time, place and terms of such sale by publishing that information at least once in each week for four successive weeks in a secular newspaper of general circulation published in Carroll County, Illinois, in the legal notice and real estate sections of the newspaper,

the first publication to be not less than 30 days before the sale date; that the plaintiff or any of the parties to this cause, may become the purchaser or purchasers at such sale; that, on such sale being made, the sheriff or other officer execute and deliver to the purchaser or purchasers a certificate or certificates of sale and record a duplicate as required by law.

8. The sheriff or other officer, on making the sale, must report the sale to the court for its approval and confirmation, and must further report the distribution of the proceeds of sale and acts in connection with it; that out of the proceeds of the sale the sheriff or other officer shall make distribution in the following order of priority:

(a) The special commissioner's fees, disbursements and commissions on such sale;

(b) The Plaintiff's amounts mentioned in subparagraph (a) of Paragraph 1 of this decree, with interest, at the rate allowed by 28 U.S.C. section 1961(a) from the date of judgment, the 7th day of August 2007, together with all costs of this action;

(c) The Plaintiff's amounts mentioned in subparagraph (b) of Paragraph 1 of this order, with interest at the rate allowed by 28 U.S.C. section 1961(a) from the date of judgment, the 7th day of August 2007, together with all costs of this action;

9. The special commissioner or other officer must take receipts from the respective parties to whom payments have been made as stated above, and file them with the report of sale and distribution in this court. After the payments of all these items, if there is a remainder, the surplus be held by the special commissioner or other

officer subject to the further order of this court. If there is not sufficient funds to pay in full the amounts found due, then the amount of the deficiency must be specified in the report of sale. A deficiency judgment for such amount, if any, will be entered at that time, and the defendants SYCA Systems, Inc. and Samuel L. Thomasson, Kenneth N. Betts, as the persons liable for the deficiency shall be directed to pay it, and that judgment be entered in that amount against the defendants at that time, and further that the deficiency judgment stand as a lien and apply against the rents, issues and profits accruing from the premises during the period of redemption; and that a receiver be appointed (or continued in possession) to collect the rents, issues and profits and to apply them on the deficiency.

10. Pursuant to the terms of the Mortgage the mortgagors have waived any right of redemption with respect to the property. The defendants and all persons claiming under them, or any of them, since the commencement of this action, are forever barred and foreclosed of and from all rights and equity of redemption or claim of, in and to the premises, or any part of the premises. On production to the sheriff or other officer of the certificate or certificates of sale by the legal holder, the sheriff or other officer, will execute and deliver to the holder a good and sufficient deed of conveyance of the premises. The grantee or grantees in the deed, or their legal representatives or assigns, be let into possession of the premises. Any of the parties to this cause who are in possession of all or part of the premises, or any person who may have come into possession since the filing of this action must, on the production of the sheriff's or other officer's deed of conveyance, surrender possession of the premises to the grantee or grantees, their representatives or assigns.

11. On Count V of the First Amended Complaint, judgment in favor of Plaintiff Fifth Third Bank and against Samuel L. Thomasson in the sum of $ 43,750.00, the limit on his guaranty.

12. On Count VI of the First Amended Complaint, move the pending matter against James E. Merrell, to the Court's bankruptcy call.

13. On Count VII of the First Amended Complaint, enter judgment in favor of Fifth Third Bank and against Kenneth N. Betts in the sum of $ 1,140,297.90, plus interest accruing on the notes through the date of judgment, attorney's fees in the amount of $23,675.50.00 and costs of $918.57 as of October 20, 2007.

14. The court retains jurisdiction of the subject matter of this cause and of all the parties for the purposes of enforcing this judgment.

Enter:          Judge

         _____

Date:          _____

Sara E. Cook
ARDC 03126995
McKenna Storer
666 Russel Court, Suite 303
Woodstock, IL 60098
Phone: 815-334-9692
Fax: 815-334-9697
\Email: scook@mckenna-law.com

```
4784                                                    COURT RECORDING DATA
------------------------------------------------+-------------------------------
    INTERNAL REVENUE SERVICE                    | Lien Recorded   : 07/03/2006 - 13:33PM
    FACSIMILE FEDERAL TAX LIEN DOCUMENT         | Recording Number: 2006R-3249
                                                | UCC Number      :
                                                | Liber           :
 BANKRUPTCY DOCKET: 1                           | Page            :
                                                | *Lien Released* : 08/30/2006
------------------------------------------------+-------------------------------
 Area: SMALL BUSINESS/SELF EMPLOYED #4          | IRS Serial Number: 299273606
 Lien Unit Phone: (800) 913-6050                |
------------------------------------------------+-------------------------------
               This Lien Has Been Filed in Accordance with
               Internal Revenue Regulation 301.6323(f)-1.

-------------------------------------------------------------------------------
 Name of Taxpayer :
   SYCA SYSTEMS INC, a Corporation


-------------------------------------------------------------------------------
 Residence :
   759 W COMMERCIAL ST
   MOUNT CARROLL, IL 61053-9762
-------------------------------------------------------------------------------
 With respect to each assessment below, unless notice of lien
 is refiled by the date in column(e), this notice shall constitute
 the certificate of release of lien as defined in IRC 6325(a).
-------+-----------------+--------------+--------------+-------------------+----------------
 Form  | Period          | ID Number    | Assessed     | Refile Deadline   | Unpaid Balance
 (a)   | (b)             | (c)          | (d)          | (e)               | (f)
-------+-----------------+--------------+--------------+-------------------+----------------
 941     12/31/2005       36-4370560     03/13/2006     04/12/2016          24942.16
```

```
-------------------------------------------------+-----------------------------
 Filed at:  Recorder of Deeds                    | Total    $       24942.16
            Carroll County                       |
            Mt. Carroll, IL 61053                |
-------------------------------------------------+-----------------------------
 This notice was prepared and executed at ST PAUL, MN
 on this, the 26th day of June, 2006.
-------------------------------------------------+-----------------------------
 Authorizing Official:                           | Title:
   R. BLACKWELL                                  |   REVENUE OFFICER    24-04-2886
                                                 |
-------------------------------------------------+-----------------------------
```

EXHIBIT A